AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO:  09-20403-03

v

JOSEPH DALE BRAXTON
_____/

### ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, arguing that the presumption in favor of detention applies. I concur in that argument because the Defendant faces more than 10 years' potential custody for violations of the Controlled Substances Act. I must next consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically heroin. Further, from the grand jury having returned an Indictment, I find that there is a definite weight of evidence – at least probable cause – supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 25 years of age and has lived at various addresses in Saginaw his entire life. Defendant has an eleventh grade education and has also received a certificate of completion for a chemical processing educational program. Defendant reports to Pretrial Services that since July of this year he has been self-employed as a rap music artist. Defendant conceded to Pretrial Services that he has used marijuana, most recently in September 2009. Urinalysis screening conducted today was positive for opiates.

In 2003, Defendant was charged with possession of cocaine, less than 25 grams, as well as other offenses. He pled guilty to the cocaine charge and was sentenced to three years of probation. While on that probation, Defendant pled guilty to a misdemeanor driving-while-license-suspended charge. Defendant was discharged from probation on January 5, 2007. In April 2008, Defendant was again charged with driving-while-license-suspended. He pled guilty to that charge. The Government proffers that shortly after that guilty plea, Defendant was arrested on drug-related charges. Defendant was apparently released, and on February 11, 2009, he was again arrested on drug-related charges. The Government further proffers that the investigation of the pending charges indicates that the location Defendant reports to be his music studio is a place where co-conspirators have been seen brandishing weapons. The Government also proffers that a controlled purchase of

drugs was conducted at that location.  Defense counsel opposes the characterizations made by the Government.

Although a Pretrial Services report initially stated that the officer was unable to verify information and implied that Defendant's family may have been uncooperative,  defense counsel convincingly argues that Defendant's family has in recent times cooperated with Pretrial Services to verify information.  Defense counsel argues that representations relating to the brandishing of weapons and deliberate refusal to comply with arrest warrants on the part of other defendants are not sufficient to justify the detention of this Defendant.  The Court agrees.  The fact that other co-conspirators may have taken actions which may be illegal or may have ignored arrest warrants is not sufficient by itself to justify detention of this Defendant, particularly since the Indictment in this case was initially sealed by the Court.  The Government also makes representations relating to five weapons that were seized during the course of various searches.  The majority of those weapons have no connection whatsoever to this Defendant and therefore play no part in this decision.

However, the Government does represent that on April 8, 2008, an address on Robinwood Street in Saginaw, Michigan, was searched and, in a bedroom occupied by Defendant's girlfriend, a 9 mm pistol was found.  According to the Government's proffer, the Defendant's girlfriend denied any ownership or knowledge of this weapon.  On July 7, 2008, a 12-gauge shotgun was seized from a residence on South Park in Saginaw.  During the execution of this search, Defendant arrived at that location.

Although a number of the representations made by the Government have not been fully borne out on the evidence presented, I conclude that the presumption in favor of detention has not been rebutted in light of the pattern of conduct shown by Defendant, as well as the urinalysis screening test which, while admittedly not conclusive, is consistent with the use of heroin.  I also note that while defense counsel argues that the specimen may have been accidentally diluted, even if diluted, it is nonetheless positive for opiates.  As well-stated by the Second Circuit, "[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community

becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985).

I therefore conclude that the presumption in favor of detention has not been rebutted. In the alternative, I further find that after considering the evidence presented, there are no conditions nor any combination of conditions which would reasonably assure the safety of the community. Accordingly, the Government's motion to detain will be granted. In so doing, I direct that Pretrial Services take steps to further analyze the urinalysis specimen taken today.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. LCrR 57.2.

                                                   s/ *Charles E. Binder*
                                                   CHARLES E. BINDER
Dated: October 16, 2009                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Steve Jacobs, and served on Pretrial Services and the U.S. Marshal's Service by other means.

Date: October 16, 2009         By     s/*Jean L. Broucek*
                                             Case Manager to Magistrate Judge Binder